IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Billy Ray Smith, <br><br> Petitioner, <br><br> v. <br><br> Warden, Perry Correctional Institution, <br><br> Respondent. | C/A No. 1:25-692-CMC <br><br><br> Order |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").

Respondent filed a motion for summary judgment, as well as a return and memorandum of law on July 3, 2025. ECF Nos. 21, 22. A *Roseboro* Order was mailed to Petitioner, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 23. After an extension, Petitioner filed a response in opposition to summary judgment and motion for evidentiary hearing. ECF No. 28. Respondent filed a reply. ECF No. 29.

On September 16, 2025, the Magistrate Judge issued a Report recommending Respondent's motion for summary judgment be granted and the motion for evidentiary hearing be denied as moot. ECF No. 30. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Petitioner filed timely objections (ECF No. 35), and Respondent replied (ECF No. 36).

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court need only review the Report for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

**Discussion**

In his § 2254 petition, Petitioner alleges the following grounds for relief: (1) trial counsel was ineffective when he failed to adequately investigate facts of two witnesses who testified at trial; (2) counsel was ineffective at trial for failing to request the court instruct the jury on the lesser included offense; (3) appellate counsel failed to raise trial counsel's failure to request a directed verdict on the charge of attempted murder; and (4) Petitioner was denied due process when the prosecutor tainted the conviction by knowing use of perjured testimony. ECF No. 1 at 5-12. The State moved for summary judgment on all grounds. ECF No. 22. In his response to the summary judgment motion, Petitioner explained he "proceeds with Ground Four of his Petition" and did not address the other grounds. ECF No. 28 at 1. He went on to argue only issues related to his Ground

Four allegedly perjured testimony regarding gunshot residue on Petitioner's hands after the shooting.

The Magistrate Judge recommends granting Respondent's motion for summary judgment and dismissing this case. ECF No. 30. Although Petitioner did not address Grounds 1-3 in his response to summary judgment, in an abundance of caution, the Magistrate Judge examined the merits of those three claims, finding Ground 1 should be dismissed on the merits, and Grounds 2 and 3 dismissed as defaulted. *Id.* at 23-24. After examining Count 4 in full, the Magistrate Judge recommends dismissing it as well because Petitioner cannot show the prosecution knowingly solicited false testimony or knowingly allowed it to go uncorrected when it appeared, under prevailing law. *Id.* at 28. Finally, the Magistrate Judge recommends Petitioner's motion for evidentiary hearing should be deemed moot. *Id.* at 31.

Petitioner does not object to the recommended dismissal of Grounds 1, 2, or 3. As such, the court has reviewed those portions of the Report for clear error and, finding none, dismisses these grounds.

Petitioner objects to the Magistrate Judge's recommendation on Ground 4. Specifically, he contends "regardless of the nature of its presentation, whether knowingly on the part of the prosecution or unknowingly entered and later ignored when discovered, his rights to due process have been violated" due to the use of perjured testimony "regarding a critical evidentiary submission of false evidence." ECF No. 35 at 1. He references an August 1, 2017, letter[1] from the prosecution revealing the forensic technician's testimony at Petitioner's trial, that there was

---

[1] Petitioner also asserts the Magistrate Judge redacted portions of the letter, which "may minimize the official nature of the evidence." *Id.* The court assures Petitioner it has reviewed the letter filed at ECF No. 28-1 and agrees it is official in nature.

3

gunshot residue found on his person and clothes, "has now been changed" to gunshot primer residue instead.[2] ECF No. 28-1. He asserts the prosecution learned of the perjury but did nothing to correct the error. He contends if he had fired the gun, there would have been gunshot residue on his person, not gunshot primer residue, and had the jury known it was only primer residue, there may have been a different verdict. ECF No. 35 at 2. Petitioner requests the court reject the Report and deny Respondent's motion for summary judgment, that he be granted an evidentiary hearing, and any other appropriate relief. *Id.* at 4.

Respondent replied, arguing Petitioner did not provide any legal or factual basis to warrant the court declining to adopt the Report. ECF No. 36. Under the test set forth by the Supreme Court in *Napue v. Illinois,* 360 U.S. 264 (1959), he contends, as must be applied by the Magistrate Judge, Petitioner failed to establish a violation. He notes the forensic examiner had resigned as the result of a recent quality investigation in 2017, and Petitioner was convicted in November 2015. *Id.* at 2. He argues the Magistrate Judge's consideration of evidence, including that Petitioner admitted to shooting his wife and his wife's statement, was proper and objections thereto are meritless. *Id.* at 3. Finally, he contends Petitioner's claim his PCR counsel was ineffective is not cognizable in habeas, as AEDPA precludes this claim. *Id.*

On Ground 4, the Magistrate Judge found Petitioner failed to state a claim under *Napue*, in which the Supreme Court held a conviction knowingly obtained through the use of false evidence violates the Fourteenth Amendment. 360 U.S. at 269. She determined such a claim fails because Petitioner cannot show the prosecution knowingly solicited false testimony at the time of his trial

---

[2] The letter notes "gunshot primer residue can come from discharging a firearm, being in the vicinity to the discharge of a firearm, or coming into contact with a surface that has gunshot primer residue on it." *Id.*

4

in November 2015, or knowingly allowed it to go uncorrected when it appeared. ECF No. 30 at 28. The letter explaining the forensic scientist's resignation is from late August 2017, and noted a recent quality investigation led to corrective action on a number of cases. The Magistrate Judge also concluded Petitioner has not shown a new trial is warranted under the second part of the *Napue* test, because it is unlikely the jury's verdict would be altered by hearing that gunshot primer residue was present on Petitioner's hands, shirt, and jeans, rather than gunshot residue.

The court agrees with the Magistrate Judge's findings. The prosecution did not know at the time of Petitioner's trial the testimony from the forensic scientist was allegedly false, as it was gunshot primer residue found on Petitioner's person, not gunshot residue, as she testified. When it was discovered in 2017 that the forensic scientist resigned after a quality control investigation, the prosecution notified Petitioner's defense counsel within ten days of receiving the new report from South Carolina Law Enforcement Division ("SLED"). ECF No. 28-1. The court also agrees Petitioner fails under the second part of the *Napue* test, that there is a reasonable likelihood the false testimony could have affected the judgment of the jury. Based on the other evidence, and the similarity between gunshot residue and gunshot primer residue, the court does not believe this difference would have affected the judgment of the jury.

## Conclusion

For the reasons above, after *de novo* review of the record, the applicable law, the objected to portions of the Report and Recommendation, and Petitioner's objections, the court agrees with the findings and conclusions of the Magistrate Judge. Accordingly, the court adopts the Report, grants Respondent's motion for summary judgment (ECF No. 22), and dismisses the Petition with prejudice. Petitioner's motion for evidentiary hearing (ECF No. 28) is denied as moot.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 3, 2025